IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Michael Gorbey (33405-013), | ) | |
| | ) | |
| Petitioner, | ) | Case No. 22 C 50163 |
| v. | ) | |
| | ) | Hon. Iain D. Johnston |
| Warden, USP Thomson, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND OPINION**

Currently before this Court is Petitioner Michael Owl-Feather Gorbey's: (1) second amended 28 U.S.C. § 2241 petition (Dkt. 13), which is now fully briefed, and (2) his recent request to transfer this case to the United States District Court for the Middle District of Florida, where he is now confined. (Dkt. 20.) For the reasons below, the Court denies both.

### I. BACKGROUND

**A. Procedural History of this Case:**

Gorbey initiated this § 2241 case in May of 2022 while he was confined at USP Thomson, a federal prison in the Northern District of Illinois. (Dkt. 1.) Last year, after Gorbey complied with this Court's directive to clarify his claims, the Court allowed his second amended petition to proceed and directed Respondent (USP Thomson Warden Thomas Bergami) to respond to it. (Dkts. 13 and 15.) Briefing on the petition appeared to be complete last October, following Respondent's response (Dkt. 17), and Gorbey's reply. (Dkt. 18.) On March 3, 2023, however, the Court issued a show-cause order, affording Gorbey an opportunity to address why his § 2241 claims should not be dismissed as either an abuse of the writ or as not cognizable in a § 2241 proceeding. (Dkt. 19.) That order noted that Gorbey's current § 2241 claims either repeated claims denied on the merits by other courts in several of his prior cases or asserted claims not subject to

§ 2241 review; that neither Respondent in his response, nor the Court in its initial review orders, sufficiently alerted Gorbey to the possibility his claims might be dismissed as an abuse of the writ or as noncognizable; and that he should have the opportunity to address such issues.[1] *Id.*

Gorbey responded to the show-cause order. (Dkt. 20.) His response, in addition to addressing abuse of the writ, informed that he had been moved to USP Coleman 1 in Florida and requested that this case be transferred there. *Id.* at 1. Per the Court's latest order, Respondent has addressed Gorbey's transfer request, expressing indifference as to whether the case should remain here or be transferred: "Respondent does not have a preference one way or another but does not object to the transfer to the extent that the court deems it to be appropriate and in the interests of justice." (Dkt. 22.) As explained below, the Court denies both Gorbey's transfer request and his § 2241 petition.

**B. Gorbey's Convictions and Sentences:**

In 2008, in the Superior Court of the District of Columbia, Gorbey was convicted of multiple counts of illegal possession of firearms, ammunition, and dangerous weapons, all resulting from his conduct on January 18, 2008. *See Gorbey v. United States*, 54 A.3d 668, 676-77 (D.C. 2012). On that day, United States Capitol Police approached and then arrested Gorbey, who was carrying a shotgun in his hands, a sword on his back, numerous shotgun shells in the bulletproof vest he was wearing, and additional ammunition in a backpack. *Id.* at 675. He told officers "that he was en route to a meeting with Chief Justice John Roberts of the United States

---

[1] As explained in greater detail in the Court's March 3, 2023 show cause order, (Dkt. 19.) Respondent invoked *res judicata* on the issue of Gorbey's repeated efforts to litigate claims across multiple cases. *Res judicata*, however, does not apply in a § 2241 habeas corpus proceeding; instead, the relevant principle is abuse of the writ. *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996) (citing *Sanders v. United States*, 373 U.S. 1, 19 (1963)). Since abuse of the writ is considered an affirmative defense, to which a petitioner should have an opportunity to respond, *Burris v. Parke*, 95 F.3d 465, 470 (7th Cir. 1996) (en banc); *Robinson v. Fairman*, 704 F.2d 368, 370 (7th Cir. 1983), the Court notified Gorbey his claims might be dismissed under the doctrine and allowed him to address its application.

Supreme Court." *Id.* His truck parked nearby contained more ammunition, as well as a homemade bomb. *Id.* at 675-76.

Gorbey was charged with and found guilty of the following fourteen counts: eight counts of unlawful possession of ammunition; two counts of carrying a dangerous weapon; and one count each of possession of a firearm by a felon; possession of an unregistered firearm; manufacturing, transferring, using, or possessing explosives; and attempted manufacture or possession of a weapon of mass destruction. *Id.* at 676. He was sentenced to a total of 264 months' imprisonment. (Dkt. 17, pg. 22-23) (copy of trial court's Aug. 15, 2008 judgment).

On appeal, the D.C. appellate court held that several of Gorbey's conviction counts should have merged and remanded to the D.C. trial court to vacate those counts. *Gorbey*, 54 A.3d at 707. On February 6, 2014, the trial court vacated eight counts and resentenced Gorbey to a total of 240 months' imprisonment. (Dkt. 17, pg. 25-27.) Six days later, the trial court entered an amended sentencing order, which imposed a total sentence of 264 months' imprisonment. *Id.* at 73-74. The amended sentence comprised of the following:

Count 1 (felon in possession) – 72 months' imprisonment;
Count 3 (unlawful possession of unregistered firearm/destructive device) – 12 months' imprisonment to run concurrently with count 1;
Count 4 (unlawful possession of ammunition) – 12 months' imprisonment to run consecutively to counts 1 and 3;
Count 7 (carrying dangerous weapon, sword) – 60 months' imprisonment to run consecutively to counts 1, 3, and 4;
Count 14 (possession of destructive device) – 36 months' imprisonment to run consecutively to counts 1, 3, 4, and 7, but concurrently to count 15;
Count 15 (attempted manufacture of weapon of mass destruction) – 120 months' to run concurrent with count 14, but consecutive to counts 1, 3, 4, and 7.

(Dkt. 17, pg. 73-74.)[2] Each sentence included the phrase: "CREDIT FOR TIME SERVED." *Id.*

---

[2] The D.C. Superior Court's February 6 and 12, 2014, judgments changed none of the imprisonment terms for Gorbey's conviction counts. The 240-month prison sentence he received on February 6, 2014 appears to have been an adding error of his total prison time, which the D.C. court corrected a week later. *Compare* Dkt. 17, pg. 25-27, 73-74.

3

Since the imposition of his sentences, both in 2008 and 2014, Gorbey has been incarcerated in several federal prisons,[3] and has filed hundreds of habeas corpus petitions in federal courts. Many petitions challenged prison disciplinary decisions. Others challenged his sentence and the Bureau of Prisons' (BOP) calculation of it. *See generally* Public Access to Electronic Court Records (PACER) for Michael Gorbey.[4]

**C. Gorbey's § 2241 Petition in this Case:**

Gorbey's second amended petition in this case asserts four claims. (Dkt. 13, pg. 5-8.) To avoid any confusion, the Court uses Gorbey's own words (cleaned up) to describe them:

(1) "on 1-12-15, after applying all applicable D.C. state sentencing factors …, [the] D.C. state DOC issue[d] a face sheet … discharging my sentence 1-12-15 on all of my D.C. state charges ... Yet the FBOP is ignoring that … max. discharge order & is recalculating my sentence to end in 2027, a … 12-year discrepancy";

(2) "the FBOP is ignoring [the D.C. court's] final judgment which awards me [210-day jail and 36-day good time] credit on each charge separately being 246 days … x 4 = 984 days I'm due. Yet the FBOP calls this quadruple counting & denies me any jail credit.";

(3) "on 2-6-14 remand, the D.C. Superior Court sentenced me to a total of 240 month sentence, … yet sometime later, outside my presence … [and] without any counsel for me being present, FBOP and other authorities change[d] my sentence … to … an old 264 month … sentence";

(4) "any party … moving a state prisoner across state lines makes him a fugitive subject to all mandatory process & privileges of the extradition clause and the commerce clause, … [which] prohibit[] state prisoners from being carr[ied] across state lines without consent or fair extradition proceedings … D.C. cannot lawfully turn us over to the custody of the U.S. Attorney General."

(Dkt. 13, pg. 5-7, 10.)

---

[3] Under District of Columbia law, a person convicted of a D.C. felony "shall be designated by the Bureau of Prisons to a penal or correctional facility operated or contracted for by the Bureau of Prisons, for such term of imprisonment as the court may direct. Such persons shall be subject to any law or regulation applicable to persons committed for violations of laws of the United States consistent with the sentence imposed." D.C. Code Ann. § 24-101.

[4] PACER is available only to users with an account on that website. For those who are able to use the site, typing Gorbey, Michael or Feather-Gorbey, Michael pulls up most his federal court cases. https://pacer.uscourts.gov

## II. DISCUSSION

This Court having received a response from Respondent and additional briefing from Gorbey, it is now clear that his claims warrant no federal habeas relief, that his petition must be dismissed, and that this case should not be transferred.

**A. Abuse of the Writ – Repeated Claims (Claims One, Two, and Four):**

At least three of Gorbey's current claims repeat claims that have been addressed on the merits by other courts. Claims One and Two were addressed by the district court for the Northern District of Alabama. *See Gorbey v. Taylor*, No. 1:15-cv-644-RDP-JHE, Dkt. Entries 31 and 33 (N.D. Ala.) In that case, the district court, adopting the magistrate judge's report and recommendation, determined: (1) the 1/12/15 release date on the D.C. DOC's Face Sheet referred to the date for a writ of habeas corpus ad prosequendum issued for Gorbey's presence in court, and (2) the BOP properly credited Gorbey's jail time only once in accordance with BOP Program Statement 5880.33, Ch. 8, pg. 5, § 8.9.[5] *Id.* at Dkt. Entry 31, pg. 3-4.

As to Gorbey's current Claim Four—that transporting D.C. prisoners across state lines without their consent violates the Constitution's Extradition and Commerce Clauses—the claim was denied on the merits by a West Virginia district court in 2021. *Gorbey v. Warden of Beckley*, No. 5:21-cv-0583 (S.D. W. Va.). The West Virginia district court held that the claim raised a condition-of-confinement issue about the location of confinement, and that the claim had to be brought in a civil rights action. *See Gorbey*, No. 5:21-cv-0583, Dkt. Entry 10, pg. 9-10 ("Ground 5 challenges a statute concerning housing of District of Columbia offenders, … which is clearly a condition of confinement … [and is] not appropriately cognizable in a habeas corpus petition").

---

[5] BOP Program Statement 5880.33 "establish[es] procedures for computing sentences for inmates sentenced under District of Columbia code." BOP P.S. 5880.33, pg. 1, § 1. For consecutive and concurrent sentences that can be aggregated, the sentence computation manual instructs to "total all jail time credit and deduct from the aggregate." BOP P.S. 5880.33, Ch. 8, pg. 5, §§ 8.9(a) & (c).

5

The abuse the writ doctrine prevents habeas corpus litigants from repeating claims or raising claims that could have previously raised in a prior habeas case "unless the law had changed or new facts had come to light." *Arnaout v. Marberry*, 351 F. App'x 143, 144 (7th Cir. 2009) (non-precedential order); *see also Roundtree v. Krueger*, 910 F.3d 312, 313-14 (7th Cir. 2018). The doctrine "prohibits litigating the same argument in multiple § 2241 petitions." *Bruce v. Hudson*, No. 19 C 50185, 2019 WL 13247503, at *2, n.1 (N.D. Ill. Sept. 17, 2019); *see also Cox v. Entzel*, No. 19-cv-1292-SLD, 2019 WL 13241620, at *3 (C.D. Ill. Oct. 8, 2019).

Gorbey does not deny that at least three of his current § 2241 claims have been denied on the merits in prior cases. Instead, he makes the following arguments as to why abuse of the writ does not apply to these claims: (1) "the habeas action filed in Alabama [in] 2015 was [an] error summary dismiss[al]," (Dkt. 20, pg. 1); (2) "in November 2021, [the] D.C. DOC issued new evidence responding to the nature and identity of such Face Sheets, which <u>are</u> time calculation & booking sheets & are <u>not</u> a writ of prose[quendum]." *id.* at 2 (emphasis in original); (3) when he submitted his new evidence to the Fourth Circuit Court of Appeals to obtain permission to bring another § 2241 petition, the Fourth Circuit held "that <u>no</u> leave to refile was necessary as the (new evidence) was not available at the time of original filing … thus the 4th Cir. U.S. App. Ct. agree this issue is <u>not</u> 2d or successive," *id.* at 2, and (4) "given the fact of a new intervening judgement," presumably the Fourth Circuit order that no permission was needed to file another § 2241 petition, "<u>neither</u> of Gorbey's other time-calculation issues are 2nd or successive." *Id.* None of these contentions save Gorbey's current § 2241 petition from being an abuse of the writ.

### 1. Gorbey's Contention of Error with the Alabama District Court's Dismissal

As to his contention that the Alabama district court's dismissal was error, the Eleventh Circuit, "not another [district court], is the right forum for his argument that the [Alabama district

6

court] erred." *Roundtree*, 910 F.3d at 314. In other words, any argument that the Alabama district court erred is an issue for an appeal of that court's dismissal, not the same argument in another district court. *Id.* Simply arguing that the Alabama district court erred does not save Gorbey's repetition of claims addressed by that court from being an abuse of the writ.

**2. Gorbey's "New Evidence"**

With respect to Gorbey's contention that he has new evidence from the District of Columbia Department of Corrections about its Face Sheets and an intervening judgment from the Fourth Circuit, these arguments lack merit. Gorbey provides this Court with neither his new evidence, nor the Fourth Circuit order. *See generally* Dkt. 20. However, he did submit his new evidence in his 2021 West Virginia case when objecting to the magistrate judge's report and recommendation to deny his 1/12/15 release-date claim as an abuse of the writ. *See Gorbey*, No. 5:21-cv-583, Dkt. Entry 7, pg. 30. The new evidence is a letter from the D.C. DOC General Counsel Office in "Response to D.C. FOIA Request" and states:

> The D.C. Department of Corrections (DCDOC) received a record request for the description of a "Inmate Face Sheet". The Inmate Face Sheet as it is titled is an electronic generated document that gives a history of the inmate or former inmates incarceration record, to include: Institution where he was housed, Personal Data (demographics) of inmate, Spouse/emergency contact information, Changes of the most recent incarceration, Bonds (Most recent incarceration), Detainers, Transfer History (Within the institution), Housing History (Within the institution), and Booking History (in the DC DOC Facility).
>
> A copy of your (Michael S. Gorbey) Inmate Face Sheet is attached.

*Gorbey*, No. 5:21-cv-583, Dkt. 7, pg. 30 (S.D. W. Va.).

This document provides no information about the 1/12/15 date on Gorbey's D.C. DOC Face Sheet. Furthermore, even if this letter could be considered new evidence demonstrating that the Alabama district court, or even the West Virginia district court, erred, Gorbey could attempt to bring a Federal Rule of Civil Procedure 60(b) motion in those courts, as opposed to an entirely

7

new § 2241 petition in another court. Gorbey's reference to new evidence does not suffice to save this claim from being dismissed as an abuse of the writ.

### 3. Gorbey's "Intervening Judgment"

Gorbey's contention that he requested permission from the Fourth Circuit to bring a successive § 2241 petition based on new evidence and that that court held such permission was unnecessary does not disprove his abuse of the writ. While the more recently enacted provisions 28 U.S.C. § 2244(b) and § 2255(h) require federal appellate court permission for second and successive § 2254 petitions and § 2255 motions, such permission is not required for § 2241 petitions. Nevertheless, "the doctrine of abuse of the writ … retains vitality when a prisoner seeks relief under § 2241." *Mandacina*, 991 F.3d at 762. And as explained above, that doctrine bars Gorbey from repeating claims that have already been addressed on the merits. *Id.*; *see also Arnaout*, 351 F. App'x. at 144.

Gorbey's arguments in his response to this Court's show-cause order are without merit. Claims One, Two, and Four in his second amended § 2241 petition are dismissed with prejudice as an abuse of the writ.

**B. Claim Three – Abuse of the Writ and Non-cognizable:**

Gorbey's Claim Three argues that the D.C. Superior Court changed his sentence without him or his attorney being present. (Dkt. 13, pg. 6-7.) This claim could have been raised on direct appeal, as well as in one of his prior § 2241 petitions. The abuse-of-the-writ doctrine, in addition to preventing the repetition of claims, "prohibits subsequent habeas consideration of claims not raised, and thus defaulted, in the first federal habeas proceeding." *McCleskey*, 499 U.S. at 490; *see also Alexander v. United States*, 121 F.3d 312, 314 (7th Cir. 1997) (abuse of the writ bars "not only theories that were raised in a petition, but also theories that could have been raised but were

8

not"); *Haley v. United States*, 78 F.3d 282, 284 (7th Cir. 1996) ("the filing of the second petition constitutes abuse of the writ if [the petitioner] could have raised his new claims in the first petition"). "To avoid dismissal for abuse of the writ, [Gorbey] must show cause for his failure to raise the claims in his first petition and demonstrate prejudice." *Haley*, 78 F.3d at 284 (citing *McCleskey*, 499 U.S. at 494). Gorbey makes no showing of cause and prejudice. To the extent this claim could be raised in a § 2241 proceeding (see below), it too constitutes an abuse of the writ.

Beyond abuse of the writ, Claim Three is not properly raised in a § 2241 petition. The claim challenges the validity of his sentence. Unlike Claims One, Two, and Four, which address the BOP's calculation of his sentence and movement of Gorbey across state lines, Claim Three argues that the D.C. Superior Court's changing of Gorbey's total sentence from 240 to 264 months' imprisonment outside of his or his attorney's presence renders the corrected sentence invalid. (Dkt. 13, pg. 6-7.)

"Convictions in the D.C. Superior Court are subject to a unique regime of collateral review. A prisoner in custody under a Superior Court sentence 'may move the court to vacate, set aside, or correct the sentence.'" *Johnson v. Wilson*, 960 F.3d 648, 651 (D.C. Cir. 2020) (quoting D.C. Code § 23-110(a) (an "application for a writ of habeas corpus … shall not be entertained by ... any Federal ... court if it appears ... that the [D.C.] Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.). "[A] District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v. Henderson*, 119 F.3d 34, 36–37 (D.C.Cir.1997); *see also Johnson*, 960 F.3d at 651; *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998).

This section follows the language in 28 U.S.C. § 2255(e)'s savings clause, and to challenge a D.C. conviction in a federal habeas petition, the petitioner must demonstrate that his offense conduct is no longer considered criminal and that he could not raise the challenge in a prior D.C. proceeding. *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986); *see also Swain v. Pressley*, 430 U.S. 372, 377-78 (1977) (explaining D.C. Code § 23–110). Gorbey provides no reason why he could not bring his challenges to his resentencing orders in a D.C. court.

Furthermore, to the extent Gorbey seeks to challenge his sentence, he must file a 28 U.S.C. § 2254 petition. As explained by the United States district court in Washington D.C. in one of Gorbey's prior § 2254 cases, "D.C. local courts are treated as 'state' courts for purposes of federal habeas-corpus jurisdiction." *Gorbey v. United States*, 55 F. Supp. 3d 98, 102 (D.D.C. 2014) (quoting *Milhouse v. Levi*, 548 F.2d 357, 360 n.6 (D.C. Cir. 1976)). Thus, in order for Gorbey to challenge the constitutionality of his sentence, as opposed to the BOP's calculation of it, he must file a § 2254 petition, as opposed to a § 2241 petition.

For the above stated reasons, it is clear that none of Gorbey's § 2241 claims warrant relief. His § 2241 petition is thus denied.

**C.     Gorbey's Request to Transfer this Case:**

Because Gorbey was confined at USP Thomson in this judicial district at the time he filed his § 2241 petition, he correctly filed it in this Court and named Thomson's warden as Respondent. A § 2241 petition must be filed in the federal judicial district where the petitioner's "immediate custodian" is, i.e., where the warden of the prison which holds the petitioner is located. *Rumsfeld v. Padilla*, 542 U.S. 426, 436-41 (2004)); *see also* 28 U.S.C. § 2242 (a federal habeas petition must state "the name of the person who has custody over [the petitioner]"). Gorbey's transfer to another prison does not deprive this Court of jurisdiction. As the Supreme Court and the Seventh Circuit

have explained: "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *In re Hall*, 988 F.3d 376, 379 (7th Cir. 2021) (quoting *Padilla*, 542 U.S. at 440–41) (explaining *Ex parte Endo*, 323 U.S. 283, 304-05 (1944)). Furthermore, the Seventh Circuit has indicated that "the Bureau of Prisons" is considered to be a federal inmate's "ultimate custodian" and "can take any necessary action." *Hall*, 988 F.3d at 379.

Accordingly, pursuant to *Endo*, *Padilla*, and *Hall*, this Court continues to have jurisdiction over this case, which may proceed with a BOP "supervisory official" or the BOP itself as Respondent. *Padilla*, 542 U.S. at 441 (citing *Endo*, 323 U.S. at 306); *see also Hall*, 988 F.3d at 379. Gorbey's transfer to a federal prison in Florida and change of his immediate custodian do not require the transfer of this case to a Florida district court.

The question then becomes whether Gorbey's request for a change of venue, to which Respondent does not object, requires or warrants a transfer. Both provisions addressing a district court's ability to transfer a habeas case, § 2241(b) and 28 U.S.C. § 1404(a), use the word "may," and courts have repeatedly recognized that whether to transfer a case is a "determination that Congress has committed to the sound discretion of the trial court." *In re Apple Inc.*, 979 F.3d 1332, 1347 (Fed. Cir. 2020); *see also Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010) ("section 1404(a) 'is intended to place discretion in the district court to adjudicate motions for transfer according to [a] ... case-by-case consideration of convenience and fairness'") (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citing cases)). Furthermore, "[t]he movant … has the burden of establishing, by reference to particular

11

circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

This Court acknowledges that Gorbey and his current immediate custodian are in Florida. The convenience of the parties might weigh more heavily toward a transfer if this case were moving forward. But "[t]he 'interest of justice' … may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey*, 796 F.2d at 220. "The 'interest of justice' component 'embraces traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses.'" *Cody v. DeKalb Sanitary Dist.*, No. 98 C 6832, 1999 WL 417368, at *3 (N.D. Ill. June 13, 1999) (quoted case omitted); *see also Coffey*, 796 F.2d at 221 ("Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system."). "District courts must conduct a flexible analysis and consider factors such as docket congestion, the 'likely speed to trial' in each forum, each forum court's 'familiarity with the relevant law,' the 'desirability of resolving controversies in each locale," and "the relationship of each community to the controversy.'" *Atkins v. Hudson Cnty. Corr. Ctr./Rehab. Ctr.*, No. 21-cv-1433, 2023 WL 2743880, at *1 (E.D. Wis. Mar. 31, 2023).

Considering that Gorbey's § 2241 petition cannot proceed forward (a determination that could have been made on initial review by searching through his prior habeas cases); that Gorbey has filed hundreds of cases; that this case necessitated many hours of review of his prior habeas cases to determine his repetition of claims, transferring this case at this time would be an "[in]efficient administration of the court system." *Coffey*, 796 F.2d at 221. Such a transfer would not serve the interests of justice. Gorbey's request to transfer this case to Florida is thus denied.[6]

---

[6] The Seventh Circuit has suggested that, "[i]f both [the petitioner] and [the respondent] were to consent to a transfer to another district, they might have an enforceable agreement that the court could implement, by analogy to choice-of-forum agreements." *Webster v. Daniels*, 784 F.3d 1123, 1145 (7th Cir. 2015) (citing *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 59-68 (2013) (addressing the consideration a court must give to a

### III. NOTICE OF APPEAL RIGHTS

The denial of Gorbey's petition is a final decision ending this case. If he seeks to appeal, he must file a notice of appeal in this Court within 60 days from when judgment is entered. Fed. R. App. P. 4(a)(1). He need not bring a motion to reconsider this decision to preserve his appellate right, but if he wishes the Court to reconsider its judgment, he may file a motion under Fed. R. Civ. P. 59(e) or 60(b). A Rule 59(e) motion must be filed within 28 days of entry of judgment and suspends the deadline for filing an appeal until the motion is ruled on. *See* Fed. R. Civ. P. 59(e) and Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the motion is ruled on only if the motion is filed within 28 days of the judgment. Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

### IV. CONCLUSION

For the reasons stated above, Petitioner Michael Owl-Feather Gorbey's second amended 28 U.S.C. §2241 petition [13] is denied. His request to transfer this case to the United States District Court for the Middle District of Florida [20] is denied. The Clerk of Court is directed to issue a final judgment against Gorbey and to close this case. Civil Case Terminated.

**Date: June 8, 2023**

_____
**IAIN D. JOHNSTON**
**UNITED STATES DISTRICT JUDGE**

---

a contract's forum-selection clause). But the instant case does not involve a forum-selection clause. Nor does this case concern a scenario like *Webster*'s, where the court addressing § 2241 challenges to a death sentence was not the court that issued that sentence. *Webster*, 784 F.3d at 1144-46. Rather, Gorbey's transfer request comes at the very end of his case, after all issues have been addressed and it appears clear that no federal habeas relief is warranted, a determination that likely could have been made on initial review.